PER CURIAM:
Claimants seeks $1,212.15 for damages arising out of an automobile accident which occurred on February 11, 1987. The Court, with the approval of the claimant, amended the style of the claim to reflect the Department of Highways as the proper party respondent.
On that day, the claimant was driving his 1971 Chevrolet pickup in a southerly direction on Route 119 on the north side of Mink Shoals. Two rocks fell in front of his vehicle, and the vehicle struck the larger of the two rocks. The automobile was totalled. It was dry and clear at the time of this incident, but it was not yet daylight, since the incident occurred at 5:30 a.m. Route 119 is a two-lane, blacktop highway. The claimant was travelling at between 45 and 50 miles per hour. The two rocks were in the process of falling from the hill when the claimant first observed them. One rock came down in front of his automobile, and the automobile struck it. The claimant's injuries required a trip to the emergency room. Claimant had been travelling this route for four years but had not encountered rocks at this location in the past.
Calvert L. Mitchell, Assistant Supervisor for Kanawha County, for respondent, testified that he was aware of the rock fall in the vicinity of Mink Shoals exit on Route 119 sough, on February 11, 1987. He did receive a telephone call after 5:30 a.m. about this particular incident. He stated that they have had falling rocks there from time to time. However, he was not aware of the rock at the site of the accident before the telephone call of February 11, 1987.
Nelson L. Fowler, Maintenance Assistant for Kanawha County, for respondent, testified that he was aware of the situation which is the subject of this claim. He resides in the area where the accident occurred. Respondent was notified shortly after the rock fall on February *68 11, 1987, and a crew was dispatched to the scene shortly thereafter. The daily inspector reports showed that no notice was given to respondent immediately prior to February 11, 1987.
The evidence in this record indicates that the dangerous condition appeared suddenly and that the respondent promptly moved to take safety precautions as soon as it became aware of the problem. Barnhart vs. Dept. of Highways, 12 Ct.Cl. 236 (1979). Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947), holds that the State is neither an insurer nor a guarantor of the safety of the motorists on its highways. The Court is of the opinion that negligence on the part of the respondent has not been established, and, therefore, the Court denies this claim.
Claim disallowed.